UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT TURNER,

       Plaintiff,                    CIVIL ACTION NO. 05 CV 40292 FL

   v.                                    DISTRICT JUDGE PAUL V. GADOLA

FARMER JACK,                      MAGISTRATE JUDGE VIRGINIA MORGAN

       Defendant.
_____/

**<u>ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT
AND PLAINTIFF'S MOTION TO REMAND TO STATE COURT</u>**

     This matter is before the court on Plaintiff's Motion For Leave to Amend Complaint and Summons filed October 12, 2005 (D/E 8) and Plaintiff's Motion to Remand to State Court filed October 12, 2005 (D/E 9). A hearing on the motions was held before the magistrate judge on December 7, 2005. For the reasons stated on the record, IT IS ORDERED that plaintiff's Motions ARE DENIED.

     This is a case filed by plaintiff pursuant to the Elliott-Larsen Civil Rights Act for racial discrimination in his employment. The court finds:

     1) There is diversity of citizenship, Defendant A & P being incorporated in Maryland with principal place of business in New Jersey. Plaintiff as a warehouseman at A & P's facility in Livonia was an employee of A & P, not Farmer Jack or Borman's Inc. See, Declaration of Sheryl Martin, submitted by defendant)

2) More than $75,000 is in controversy.  Plaintiff has alleged lost wages (at least $67,000), future lost wages (unspecified), and emotional distress damages (unspecified). Plaintiff would also have a right to statutory attorney fees.  These are all included in the calendar of the jurisdictional amount.  Significantly, plaintiff has not denied that more than $75,000 is in controversy.  Thus, the jurisdictional amount is met.

The court also finds, with respect to the motion to amend to name additional defendants, that the purpose of adding the additional defendants is to defeat diversity jurisdiction, plaintiff has been dilatory in asking for the amendment, that the plaintiff will not be significantly injured if the amendment is not allowed.  No new claims or allegations are made against the newly suggested defendants, plaintiff waited until after removal before seeking to add his supervisors as defendants, and plaintiff can obtain a full, fair and timely hearing in this court.  Therefore, the defendant's choice of forum should be respected.  Plaintiff has not met the standard to amend so as to deprive defendant of its choice of forum.

  s/ Virginia M. Morgan  
VIRGINIA M. MORGAN  
UNITED STATES MAGISTRATE JUDGE

Dated:   January 3, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TURNER,

        Plaintiff,                    CIVIL ACTION NO. 05 CV 40292 FL

  v.                                DISTRICT JUDGE PAUL V. GADOLA

FARMER JACK,                 MAGISTRATE JUDGE VIRGINIA MORGAN

        Defendant.
_____/

**PROOF OF SERVICE**

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on January 3, 2006.

                                  s/Jennifer Hernandez
                                  Case Manager to
                                  Magistrate Judge Virginia M. Morgan