UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TURNER,

                Plaintiff,

                              CIVIL CASE NO. 05-40292

v.

FARMER JACK,                            HONORABLE PAUL V. GADOLA
                                                U.S. DISTRICT COURT
                Defendant.
_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

On October 12, 2005, Plaintiff filed a Motion for Leave to Amend Complaint and Summons and a Motion to Remand to State Court. After a hearing on the motions, the Honorable Virginia Morgan, United States Magistrate Judge, issued a January 3, 2006 order denying both of Plaintiff's motions. On January 17, 2006, Plaintiff filed objections to the Magistrate Judge's order. Defendant responded to Plaintiff's objections.

A motion for leave to amend complaint and a motion to remand are nondispositive motions. *See* E.D. Mich. L.R. 7.1(d)(2). Nondispositive orders, such as Magistrate Judge Morgan's order denying Plaintiff's motions are governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written

order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

"According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

In his objections, Plaintiff argues that his motion to remand should have been granted because Defendant has not established by a preponderance of the evidence that there is a sufficient amount in controversy for federal diversity jurisdiction. Plaintiff also argues that his motion to amend should have been granted because, among other reasons, his purpose in amending the Complaint and adding defendants is not to destroy diversity.

After reviewing the parties' submissions and the relevant portions of the record, the Court will overrule Plaintiff's objections to the Magistrate Judge's order. The Court finds that the amount in controversy has been sufficiently established for federal jurisdiction. The Court also finds that Plaintiff's motion to amend has a purpose of defeating diversity jurisdiction and that other factors do not sufficiently weigh in favor of allowing Plaintiff to amend his Complaint. The Court thus

concludes that the Magistrate Judge's order denying Plaintiff's motions to remand and to amend is not clearly erroneous or contrary to law

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's objections [docket entry 17] to the Magistrate Judge's order are **OVERRULED**.

**SO ORDERED.**

Dated:   May 8, 2006                             s/Paul V. Gadola
                                                 HONORABLE PAUL V. GADOLA
                                                 UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   May 8, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
    Malcolm D. Brown; Richard G. Mack; Bruce A. Miller; Scott T. Patterson    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                .

                                                 s/Ruth A. Brissaud
                                                 Ruth A. Brissaud, Case Manager
                                                 (810) 341-7845